# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JAONCA PIERRE                                                          CIVIL ACTION

VERSUS

WAL-MART STORES, INC.                                        NO. 10-437-M2
                                                                              CONSENT CASE

## RULING & ORDER

This matter is before the Court on the Motion for Summary Judgment (R. Doc. 7) filed by defendant, Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff, Jaonca Pierre ("Pierre"), has not filed an opposition to this motion.

## FACTS & PROCEDURAL BACKGROUND

This lawsuit stems from an incident at Wal-Mart Store No. 839 located at 9350 Cortana Place in Baton Rouge, Louisiana, which occurred on July 15, 2009. On that date, Pierre was shopping at that Wal-Mart location, when she slipped and fell on what she described as water on the floor near the entrance to the place of business. *See*, Petition for Damages, Exhibit A to Wal-Mart's motion, Paragraph VI. She contends that, as a result of her fall, she sustained "multiple serious bodily injuries." *Id.* During her deposition in this matter, Pierre testified that she does not have any information indicating: how long the water had been on the floor prior to her accident; how the water came to be on the floor; that any Wal-Mart employee caused the water to be on the floor; or that any Wal-Mart employee was aware that the water was on the floor before her accident. *See*, Deposition of Pierre, Exhibit B to Wal-Mart's motion, pgs. 65-67. Wal-Mart has now filed a motion for summary judgment, seeking dismissal of Pierre's claims with prejudice on the basis that, in light of her deposition testimony, she will be unable to carry her burden of proof at trial.

# LAW & ANALYSIS

## I.    Pierre's failure to file an opposition:

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion.  The rule specifically provides:

> LR7.5M       Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion.  Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies.  For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on January 21, 2011, and the Court's electronic filing system indicates that notice of the filing of the motion was sent to Pierre's counsel on that same date at 12:48 p.m. CST.  Thus, more than twenty-one (21) days have elapsed since the service of the motion, and Pierre has failed to file any opposition.  Additionally, the Court specifically ordered Pierre to file any opposition she may have to the present motion by February 11, 2011, which she failed to do.  *See*, R. Doc. 9.  The motion is therefore deemed to be unopposed.

## II.    Summary Judgment Standard:

Summary judgment is appropriate where the pleadings, discovery products, and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. Rule Civ. Proc. 56(c).  A "genuine issue" exists when

a reasonable jury could resolve the disputed fact(s) in favor of the non-movant, and a "material" fact is one that might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).[1] Only if the nonmoving party sets forth specific facts and evidence supporting the allegations essential to his/her claim will a genuine issue of material fact be found to exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).[2]

### III.    Analysis under La. R.S. 9:2800.6 (The "Slip and Fall Statute"):

La. R. S. 9:2800.6 sets forth the burden of proof in claims against merchants, such as Wal-Mart, and provides the following in pertinent part:

A.    A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B.    In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1)    The condition presented an unreasonable

---

[1] In reviewing a motion for summary judgment, a court " . . .must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh evidence." *Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).

[2] The nonmoving party may not rely upon pleadings, conclusory allegations, unsubstantiated assertions or arguments alone, but instead must come forward with evidence based on personal knowledge that demonstrates the existence of a material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the record taken as a whole does not lead a rational trier of fact to find for the non-moving party, no genuine issue of material fact exists, and the mover is entitled to summary judgment as a matter of law. *Id.*

risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)    The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3)    The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6.

"Constructive notice," as defined in La. R.S. 9:2800.6(C)(1), means that "the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care." La. R.S. 9:2800.6(C)(1). The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care, should have known of the condition. *Id.*

Where the cause and time of a spill are unknown in a slip and fall case arising on a merchant's premises, the factfinder is required to draw inferences from various factors pertaining to the spill and the merchant's actions in an effort at determining whether the merchant's negligence is the "most plausible explanation for the accident." *Tanner v. Brookshire Grocery Co.*, 29,276 (La. App. 2 Cir. 4/2/97), 691 So.2d 871, 873. Since fault is not based on strict liability, a spill that is not shown to be caused by the storekeeper, but more likely was caused by another patron, does not alone create liability. *Id.* The plaintiff must also prove that the defendant breached the duty of reasonable inspection and care

of the premises.  *Id.*

To prove that the defendant breached that duty, the plaintiff must make a "positive showing" that "the [damage-causing] condition existed for such a period of time" before the fall that the merchant would have discovered its existence through the exercise of ordinary care.  *White v. Wal-Mart Stores, Inc.*, 97-C-0393 (La. 9/9/97), 699 So.2d 1081, 1084-1085. Thus, a claimant who simply shows that the condition existed, without an additional showing that the condition existed for "some time" prior to the fall, has failed to carry the burden of proving "constructive notice" as mandated by La. R.S. 9:2800.6.  *Id.*  at 1084.[3] In addition, the merchant does not have to disprove its culpability by coming forward with positive evidence of the absence of a spill.  *White*, at 1086.

In the present case, Pierre admitted during her deposition that she does not know how the substance upon which she slipped came to be on the floor, whether a Wal-Mart employee caused the substance to be on the floor, how long the substance had been on the floor before she slipped, or whether a Wal-Mart employee knew the substance was on

_____

[3] Where a plaintiff does not present any evidence as to how long the damage-causing condition existed prior to the fall, courts have routinely found that the plaintiff has failed to carry his/her burden of proof.  *See, O'Brien v. Wal-Mart Stores, Inc.*, 31,032 (La. App. 2nd Cir. 10/28/98), 720 So.2d 1263(The plaintiff failed to present any evidence to establish that the oil upon which she slipped was on the floor for any length of time and therefore did not establish constructive notice on the part of the defendant/merchant); *Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99), 733 So.2d 1188(While the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening when he fell, he failed to present any evidence as to the length of time the puddle was on the floor before his accident and therefore failed to meet his burden of proving Wal-Mart's constructive knowledge of the condition); *Babin v. Winn Dixie of Louisiana, Inc.*, 2000-0078 (La. 6/30/00), 764 So.2d 37(Where the plaintiff admitted in his deposition that he did not know how the toothpick boxes upon which he slipped arrived on the floor and that he did not know how long they had been on the floor prior to his fall, the Louisiana Supreme Court found that the plaintiff failed to produce the factual support necessary to establish that he would be able to satisfy his evidentiary burden of proof at trial and therefore found that summary judgment was appropriate).

the floor before her fall.[4]  Thus, Pierre has not provided any evidence demonstrating that Wal-Mart had actual or constructive notice of the existence of the damage-causing substance prior to her fall (*i.e.*, she has not made a "positive showing" that a Wal-Mart employee created the condition in question or that the condition existed for such a period of time that Wal-Mart should have discovered it in the exercise of reasonable care).  As such, Pierre will be unable to produce the necessary factual support to satisfy her burden of proving actual or constructive notice on the part of Wal-Mart as is required by La. R.S. 9:2800.6 and related jurisprudence.  In addition, Pierre has failed to come forward with any competent evidence in opposition to this motion for summary judgment which demonstrates that she will be able to satisfy her burden of proof at trial.  Thus, Wal-Mart's motion for summary judgment should be granted, and this case should be dismissed with prejudice.

Accordingly;

**IT IS ORDERED** that the Motion for Summary Judgment (R. Doc. 7) filed by defendant, Wal-Mart Stores, Inc., is hereby **GRANTED**, and this matter shall be dismissed with prejudice.  Judgment will be entered accordingly.

Signed in chambers in Baton Rouge, Louisiana, February 18, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[4] In fact, Pierre testified that she "do[es]n't believe [Wal-Mart] knew [about the spill]" prior to her fall.  *See*, Pierre Deposition, Exhibit B, p. 66.

5